IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DDK, Inc. d/b/a D&K Suit City<br><br>Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, pregnancy, and to provide appropriate relief to Linda Bell ("Bell") who was adversely affected by such practices. Plaintiff, Equal Employment Opportunity Commission, (hereinafter "Plaintiff") alleges that Defendant DDK, Inc., d/b/a D&K Suit City (hereinafter "Defendant") subjected Bell to unlawful discrimination by terminating her employment because of her pregnant status, in violation of Title VII.

1

## JURISDICTION AND VENUE

1.　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.　The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.　Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.　At all relevant times, Defendant DDK, Inc., d/b/a D&K Suit City (the "Defendant") has continuously been doing business in the State of Georgia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Linda Bell filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 26, 2009, Defendant has engaged in unlawful employment practices at its Morrow, Georgia, facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by terminating Bell's employment due to her pregnancy.

8. On November 22, 2008, Bell told her supervisor, Maamoon, that she was pregnant.

9. After Bell informed Maamoon of her pregnancy, her hours were immediately reduced from 25-30 hours per week to approximately 14 hours the following week.

10. When Bell asked Maamoon why her hours had been reduced, Maamoon told Bell that he did not want to give her more hours because she was pregnant.

11. The following week of December 1, 2008, Bell was completely removed from the work schedule.

12. During the last two weeks of December 2008, Bell's hours were still a fraction of the hours that she worked before informing Maamoon of her pregnancy. While Bell's hours were steadily being reduced, those of her co-workers were increasing.

13. During the early weeks of January 2009, Bell continued to work greatly reduced hours. Although Bell requested additional hours, her request was denied.

14. On January 26, 2009, Bell was terminated.

15. The effects of the practices complained of in paragraph 7 thru 14, above, have been to deprive Bell of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and/or pregnancy.

16. The unlawful employment practices complained of in paragraph 7 thru 14, above, were intentional.

17.   The unlawful employment practices complained of in paragraph 7 thru 14, above, were carried out with malice and/or reckless indifference to the federally protected rights of Bell.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all other persons in active concert or participation with it, from refusing to hire and/or terminating employees on the basis of sex and/or pregnancy, and any other employment practice which discriminates on the basis of sex and/or pregnancy.

B.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make whole Bell, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.   Order Defendant Employer to make whole Bell, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-14, above, including job search expenses and medical expenses not covered by Defendant Employer's employee benefit plan, in amounts to be determined at trial.

E.   Order Defendant Employer to make whole Bell, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-14, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.   Order Defendant Employer to pay to Bell punitive damages for Defendant's malicious and/or reckless conduct described in paragraphs 7-14, above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

9/23/2010
Date

Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Ottrell Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6818
Facsimile:   (404) 562-6905